IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Trina Massey, | ) | C/A No. 0:12-735-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| New Hope Carolinas, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Trina Massey ("Massey"), who is self-represented, filed this action pursuant to the Americans with Disabilities Act ("ADA"),[1] 42 U.S.C. §§ 12101, et seq., alleging she was wrongfully terminated by her employer, New Hope Carolinas, Inc. ("New Hope"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss and motion for summary judgment. (ECF Nos. 21 & 31.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Massey of the summary judgment and dismissal procedures and the possible consequences if she failed to respond adequately to the defendant's motions. (ECF Nos. 22 & 32.) Massey filed responses in opposition (ECF Nos. 26 & 36), and the defendant replied (ECF Nos. 27 & 37). Having

---

[1] Although Massey states in her response in opposition to New Hope's summary judgment motion that she is also raising a Title VII claim, New Hope rightly points out that only Massey's ADA claim is properly before the court. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

reviewed the parties' submissions and the applicable law, the court finds that New Hope's motion for summary judgment should be granted.[2]

## BACKGROUND

The following facts are either undisputed or are viewed in the light most favorable to Massey, to the extent they find support in the record. New Hope operates residential facilities for adolescents with mental health or behavioral disorders. Due to the nature of its patient population, New Hope's facilities remain locked and secure at all times, and employees are required to gain ingress and egress using their assigned electronic security badge. Using this system, New Hope is able to record which employee entered or exited a door at a particular date and time. At the time relevant to this dispute, Massey served at New Hope's facility in Rock Hill, South Carolina as a Shift Supervisor during the third shift, which spanned from approximately 11:00 p.m. to 7:30 a.m. As a Shift Supervisor, Massey was responsible for monitoring patient needs and overseeing Residential Counselors, Team Leaders, and other staff working that shift.

In May 2011 a random review of badge swipes and time cards revealed unusual badge swipe activity. As a result, certain employees, including Massey, were counseled regarding the proper procedures for swiping in and out and the importance of following the policy. Although Massey was not subjected to disciplinary action at that time, management provided a written memorandum regarding the procedures; this memorandum specifically cautioned Massey that "Badge Swipes must reflect [a] minimum of 8 hours worked and at least 4 swipes . . . ." (Massey Dep., Ex. 3, ECF No. 31-4 at 108.)

---

[2] In light of this recommendation, New Hope's motion to dismiss for failure to state a claim should be terminated as moot.



In September of 2011 Cherri Anty, who worked under Massey's supervision, reported to New Hope that Massey was requiring her and other workers to use their badges to let Massey into the building. Several other employees confirmed Anty's report regarding improper badge usage by Massey. New Hope's investigation of these reports, including analysis of the badge swipe records and video camera footage, led management to infer that Massey was leaving the facility during her shift and then requiring a subordinate to swipe her in. New Hope then terminated Massey for misconduct. Massey ultimately filed this action asserting that New Hope terminated her because she has Human Immunodeficiency Virus ("HIV"), which she contends New Hope knew about based on its approval of insurance payments for her medications and conversations Massey had previously had with New Hope's human resources vice president about her prescriptions.

## DISCUSSION

### A.     Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of *material fact*." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis in original) (internal quotation marks & citation omitted). A fact is "material" if proof of its existence or non-existence



would affect the disposition of the case under the applicable law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor.  Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002).  The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party.  Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).  The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms.  See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").  Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Burden Shifting Framework in Employment Cases**

A plaintiff may demonstrate discrimination through direct or circumstantial evidence.  When direct evidence is lacking, a plaintiff may produce circumstantial evidence and proceed under the McDonnell Douglas burden shifting framework.  Warch v. Ohio Casualty Ins. Co., 435 F.3d 510,



520 (4th Cir. 2006) (ADEA); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir.1995) (holding that the McDonnell Douglas framework applies to claims brought under the ADA). Pursuant to this framework, once the plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, nondiscriminatory reason for the adverse action. Merritt v. Old Dominion Freight, 601 F.3d 289, 294 (4th Cir. 2010) (Title VII). The defendant's burden "is a burden of production, not persuasion." Reeves, 530 U.S. at 142. Once a defendant meets this burden by producing affidavits or testimony demonstrating a legitimate, nondiscriminatory reason, "the McDonnell Douglas framework—with its presumptions and burdens—disappear[s], and the sole remaining issue [is] discrimination *vel non*." Id. (internal quotation marks & citations omitted).

In other words, if the defendant meets the burden to demonstrate a legitimate, nondiscriminatory reason, the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was " 'not its true reason[], but [was] a pretext for discrimination.' " Merritt, 601 F.3d at 294 (quoting Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253 (1981)). Accordingly, the plaintiff's burden of demonstrating pretext " 'merges with the ultimate burden of persuading the court that [the plaintiff] has been the victim of intentional discrimination.' " Merritt, 601 F.3d at 294 (quoting Burdine, 450 U.S. at 256) (alterations in original); see also Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 319 (4th Cir. 2005) (Title VII & 42 U.S.C. § 1981). To meet this "merged" burden, the employee may prove by a preponderance of the evidence that the decision maker's affidavit is untrue or that the employer's proffered explanation is unworthy of credence. Burdine, 450 U.S. at 256.

"[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, *may* permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves, 530 U.S. at 148. However, "if the record conclusively reveal[s] some other, nondiscriminatory reason for the employer's decision, or if the plaintiff create[s] only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred," summary judgment is appropriate. Id. Accordingly, the court must evaluate "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law." Id. at 148-49. "Notwithstanding the intricacies of proof schemes, the core of every [discrimination] case remains the same, necessitating resolution of the ultimate question of . . . whether the plaintiff was the victim of intentional discrimination." Merritt, 601 F.3d at 294-95.

**C.     ADA Claim**

The ADA prohibits employment discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a).[3]  To establish a *prima facie* case of discriminatory termination based upon a disability, a plaintiff must show: (1) that she was a disabled individual within the

---

[3] The allegations in this action postdate the effective date of the 2008 amendments to the ADA, January 1, 2009; thus, the current version of the statute applies. Accordingly, all references to the ADA statutes and regulations in this Report and Recommendation are to the statutes and regulations as amended.



ADA's definition;[4] (2) that she was discharged; (3) that she was fulfilling her employer's legitimate expectations at the time of discharge; and (4) that the circumstances of her discharge raise a reasonable inference of unlawful discrimination. See Rohan v. Networks Presentations LLC, 375 F.3d 266, 272 n.9 (4th Cir. 2004); Haulbrook v. Michelin N. Am., 252 F.3d 696 (4th Cir. 2001).

Massey cannot establish a *prima facie* case because the record unequivocally shows that she was not meeting New Hope's legitimate expectations at the time of her discharge, which is an essential prong.[5] In opposing New Hope's motion for summary judgment, Massey essentially challenges the validity of the evidence New Hope considered in determining that she engaged in misconduct, arguing that the employees who reported her were motivated to lie because she had written them up for sleeping on the job and that other evidence which New Hope did not produce

---

[4] Although New Hope has moved for summary judgment on the ground that Massey has not shown that her HIV status renders her disabled within the meaning of the statute, it appears that New Hope is relying on outdated authority and has failed to take into account recent ADA law on this point. See, e.g., 42 U.S.C. § 12102(2)(B) (defining "major life activities" to include "the operation of a major bodily function, including but not limited to, *functions of the immune system*, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions") (emphasis added); 29 C.F.R. § 1630.2(j)(3)(iii) (listing impairments that virtually always limit a major life activity); 29 C.F.R. § 1630.2(j)(1)(iv) ("An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active."). The court therefore concludes that New Hope has not demonstrated that it is entitled to summary judgment on this basis.

[5] Because the defendant's proffered reason for Massey's termination is that she was not meeting expectations, the evidence as to the *prima facie* issue and the pretext prong of the McDonnell Douglas framework overlaps; therefore, the court addresses these issues together. See Warch, 435 F.3d at 516 (noting the flexibility of the McDonnell Douglas framework and finding "no impermeable barrier that prevents the employer's use of such evidence [of an employee's performance] at different stages of the McDonnell Douglas framework").



to her would have shown that she was not absent from the workplace as New Hope asserts.[6] However, even assuming all of that to be true, Massey's claim fails. Massey has presented absolutely no evidence tending to show that New Hope did not believe its stated reason for firing her to be true. See Holland v. Washington Homes, Inc., 487 F.3d 208, 217-18 (4th Cir. 2007) (Title VII) (concluding that no reasonable juror could conclude that the decision maker's reason was pretextual where the plaintiff's evidence "failed to address whether [the decision maker] did not honestly believe that the threats were made" and noting that " '[i]t is the perception of the decisionmaker which is relevant.' ") (quoting Tinsley v. First Union Nat'l Bank, 155 F.3d 435 (4th Cir. 1998)); DeJarnette v. Corning, Inc., 133 F.3d 293, 299 (4th Cir. 1998) (Title VII) ("[T]his Court does not sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination.") (internal quotation marks and citations omitted). Even if Massey could show that New Hope's belief was mistaken or ultimately unfounded, the law holds that such a showing alone is not sufficient to demonstrate pretext. See Merritt, 601 F.3d at 294 (stating that the plaintiff must demonstrate by a preponderance of the evidence that the proffered reason was " 'not its true reason[ ], but [was] a pretext for discrimination' ") (quoting Burdine, 450 U.S. at 253).

Moreover, Massey cannot show on this record that her employment was terminated on the basis of her HIV status. See 42 U.S.C. § 12112(a). Although Massey contends that she was terminated five months after the human resources vice president learned of her condition, such a

---

[6] Notably, the only evidence in this record is that the employees who reported that Massey was not properly using her badge had no disciplinary write-ups in their files. Additionally, New Hope points out that Massey did not avail herself of the opportunity to propound any discovery requests in this matter.

lapse in time is insufficient alone to show the necessary causation.[7] See Pascual v. Lowe's Home Centers, Inc., 193 Fed. Appx. 229 (4th Cir. 2006) (*per curiam*) (Title VII) (holding that the plaintiff had failed to establish a causal connection by temporal proximity alone when "at least three to four months" separated the claimed protected activities and the termination of the plaintiff's employment).  Furthermore, stray or isolated comments by a *co-worker* that Massey's condition was costing the company too much money are insufficient to establish that any decision maker at New Hope terminated her employment on the basis of disability.  See Brinkley v. Harbour Recreation Club, 180 F.3d 598, 608 (4th Cir. 1999) (Title VII) ("[T]o prove discriminatory animus, the derogatory remark cannot be stray or isolated and unless the remarks upon which plaintiff relies were related to the employment decision in question, they cannot be evidence of discrimination.") (internal quotation marks and alterations omitted), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003).  Finally, the only evidence in the record shows that Massey had already been written up once for improperly using her badge *before* the human resources vice president became aware of her illness.

---

[7] The 2008 amendments prohibit discrimination *on the basis of* disability, modifying the previous statutory language which proscribed discrimination *because of* the disability.  The Fourth Circuit does not appear to have yet addressed whether this amendment changes the substantive causation standard for an ADA employment discrimination claim; however, even under the most relaxed standard of causation, Massey's claim fails on this record.

## RECOMMENDATION

On this record, Massey cannot establish that she was meeting New Hope's legitimate expectations, that New Hope's proffered reason for discharging her was pretextual, or that her HIV-positive status was the basis for her discharge. All of these deficiencies are fatal to her ADA claim; consequently, New Hope's motion for summary judgment (ECF No. 31) should be granted.

_____<br>
Paige J. Gossett<br>
UNITED STATES MAGISTRATE JUDGE

November 20, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).