IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Trina Massey, | ) | C/A No.: 0:12-cv-735-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| New Hope Carolinas, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on Plaintiff Trina Massey's Objection to the Report and Recommendation ("Report") issued by a Magistrate Judge in this case. In her Complaint, Plaintiff alleges that she was wrongfully terminated by her employer, Defendant New Hope Carolinas, Inc., in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*[1] Defendant has moved for summary judgment, and the Magistrate Judge has recommended that this court grant Defendant's motion.[2] Having reviewed the entire record, including Plaintiff's Objection, this court finds that the Magistrate Judge has fairly and accurately summarized the facts and has applied the correct principles of law in her Report. Accordingly, the court adopts the Report and fully incorporates it into this order.

The Magistrate Judge provided the following reasons for recommending that this court grant summary judgment in favor of Defendant: (1) Plaintiff did not establish a prima facie case

---

[1] Since her Complaint, Plaintiff has asserted that she is also filing this claim pursuant to Title VII of the Civil Rights Act of 1964. However, as noted by the Magistrate Judge, only Plaintiff's ADA claim is properly before this court.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

1

because the record unequivocally shows that she was not meeting Defendant's legitimate expectations at the time of her discharge; (2) Plaintiff failed to present any evidence tending to show that Defendant did not believe its stated reason for firing Plaintiff was true; and (3) Plaintiff cannot show on this record that her employment was terminated on the basis of her HIV status.

Plaintiff was advised of her right to file objections to the Report, which was entered on the docket on November 21, 2012. Plaintiff filed a document objecting to the Magistrate Judge's Report on December 10, 2012. However, instead of taking issue with the Magistrate Judge's reasoning and findings, in her Objection Plaintiff almost exclusively comments on the sufficiency of the evidence relied upon by Defendant in its decision to terminate Plaintiff's employment.[3] Plaintiff barely mentions discrimination. She fails to make any arguments that she was meeting her employer's expectations at the time of her termination or that Defendant's stated reason for terminating her was pretextual. Though Plaintiff states that "[t]he Human Resources Vice President (HR VP) indicated the medication was costing the company a lot of money," (ECF No. 43, p. 2), she fails to cite to the record for that assertion, and this court has found no support for that statement in the record. The court finds the Magistrate Judge's Report to be well-reasoned, and in the absence of any specific objections to the Report from Plaintiff, this court is not required to given further explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

---

[3]A large portion of Plaintiff Objection comes verbatim from her earlier Response in Opposition to Defendant's Motion for Summary Judgment where Plaintiff made those same arguments "that the employees who reported her were motivated to lie because she had written them up for sleeping on the job and that other evidence which [Defendant] did not produce to her would have shown that she was not absent from the workplace as [Defendant] asserts." (ECF no. 39, pp. 7–8).In the Magistrate Judge's Report, she explained to Plaintiff that "even assuming all of that to be true, [Plaintiff's] claim fails." *Id.* at 8. This court agrees.

3

Plaintiff has failed to persuade this court that there is any reason not to fully adopt the Magistrate Judge's Report. Accordingly, the court adopts the Magistrate Judge's recommendation and grants Defendant's Motion for Summary Judgment (ECF No. 31).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 20, 2013                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                          United States District Judge